IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>THOMAS REEVES<br>TODD REEVES<br>RENEE REEVES<br>SHELLROCK, LLC<br>KENNETH W. BAILEY<br>MARK BRYAN<br>PAMELA MELONEY<br>HARBOR HOUSE, INC.,<br><br>        Defendants. | Criminal No. 11-520 (JBS)<br><br>**ORDER** |

    This matter having come before on the government's request for a determination of law. [Docket Item 198]; the Court having considered the submissions of the parties and having conducted oral argument; for the reasons explained in the Opinion of today's date; and for good cause shown;

    IT IS this **3rd** day of **July, 2012** hereby

    ORDERED that, as a matter of law, the harvest conditions with respect to quota, call-ins and weekly vessel reports set annually by the DEP from 2004 to 2007 and attached as "Terms and Conditions" of the oyster license agreement were not laws or regulations of the State of New Jersey and therefore cannot

serves as a basis for the Lacey Act trafficking crimes under 16 U.S.C. § 3372(a)(2)(A) charged in Counts III, V, XII and XIV.

           **s/ Jerome B. Simandle**
           JEROME B. SIMANDLE
           Chief U.S. District Judge