```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>THOMAS REEVES<br>TODD REEVES<br>RENEE REEVES<br>SHELLROCK, LLC<br>KENNETH W. BAILEY<br>MARK BRYAN<br>HARBOR HOUSE, INC.,<br><br>        Defendants. | Criminal No. 11-520 (JBS)<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Defendant Mark Bryan's motion seeking disclosure of certain trial transcripts, including transcripts of grand jury instructions and statements. Because Bryan's case is currently pending on appeal before the Third Circuit, the district court does not have jurisdiction over the matter, and will therefore deny Bryan's motion. The Court finds as follows:

1. On March 2, 2015, this Court entered judgment against Defendant Mark Bryan for conspiracy to violate the Lacey Act, substantive violations of the Lacey Act, obstruction of justice, and obstruction of an agency proceeding. [See Docket Item 354.] Bryan, through his attorney, filed a Notice of Appeal from the Judgment on March 11th [Docket Item 356], and the appeal was

docketed in the Court of Appeals for the Third Circuit on March 16, 2015, with the case number 15-1623. [Docket Item 358.] Bryan filed this motion to unseal grand jury materials approximately ten months later [Docket Item 425].

    2.   This Court lacks jurisdiction over Bryan's motion. "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). In a motion to extend the deadline for filing the appeal brief before the Third Circuit, Bryan's counsel explained that the motion to unseal grand jury transcripts was filed because it contained an issue "relevant to the Appeal." (See Cert. of Stacy Biancamano, Ex. A to Gov't Br. [Docket Item 429-1], at ¶ 4.) Because Bryan's motion to unseal involves a matter directly related to his pending appeal, jurisdiction lies with the Third Circuit and not with this Court. See United States v. Georgiou, 777 F.3d 125, 145 (3d Cir. 2015) (affirming district court's denial of appellant's motion to unseal because district court "lacked jurisdiction at the time Appellant filed his motion," since the motion was filed after appellant had already filed a notice of appeal with the Third Circuit); Kates v. Christie, No. 14-5769, 2015 WL 4086575, at *3 (D.N.J. July 6, 2015) (denying motions filed by plaintiff because plaintiff subsequently filed

2

a notice of appeal, which "divested this court of jurisdiction to decide these motions.").

3. Accordingly, the Court will dismiss Bryan's motion to unseal the grand jury transcripts without prejudice. An accompanying order will be entered.

**May 2, 2016**             **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                         Chief U.S. District Judge